IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF GEORGIA ex rel. REBECCA WILLIAMS, MORGAN VANLUVEN, BILLIE CATHEY, ASHIK RAHMAN, TAYLOR BODIFORD and TRACNESA RANDOLPH,  Plaintiffs,  v.  LANDMARK HOSPITAL OF ATHENS, LLC and ATHENS PULMONARY AND SLEEP MEDICINE, P.C.,  Defendants. | No. 3:21-cv-00036-CAR |

## ORDER ON RELATORS' MOTION TO VACATE ORDER OF DISMISSAL AND JUDGMENT AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Currently before the Court is Relators Rebecca Williams, Morgan Van Luven, Billie Cathey, Ashik Rahman, Taylor Bodiford, and Tracnesa Randolph's Motion to Vacate Order and Judgment and for Leave to File a Second Amended Complaint. Having considered the Motion and the applicable law, the Court **DENIES** Relators' Motion to Vacate and to Amend [Doc. 47].

1

## BACKGROUND[1]

On April 26, 2023, this Court granted Landmark Hospital of Athens, LLC's and Athens Pulmonary and Sleep Medicine, P.C.'s ("Defendants") motions to dismiss Relators' Amended Complaint and entered judgment in favor of Defendants. The Court determined that the Amended Complaint violated the FCA filing requirements and failed to state claims for submission of a false claim, use of a false statement, conspiracy, and worthless services. Relators now move to vacate the Court's Order and Judgment and request leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 59(e).

## LEGAL STANDARD

Because this case has been dismissed, and Relators now move post-judgment to vacate the Order of Dismissal and request leave to file a second amended complaint, there is some question as to whether the Court analyzes the Motion under Fed. R. Civ. P. 15(a) or 59(e).[2] Relators argue the Court should analyze their Motion under the liberal Fed. R. Civ. P. 15(a) standard and freely grant them leave to amend.[3] Defendants argue the Court should analyze their Motion under the more stringent Fed. R. Civ. P. 59(e) standard and deny the Motion. The Court agrees with Defendants.

---

[1] The Court incorporates the Legal Standard and Background facts in the Order to Dismiss into this Order.
[2] *See Kurimski v. Shell Oil Co.*, No. 21-80727-CV-Middlebrooks/Matthewman, 2022 WL 2346364, at *1–2 (S.D. Fla. Jan. 19, 2022) (describing one line of Eleventh Circuit cases applying the Rule 15(a) standard and another line of Eleventh Circuit cases applying the Rule 59(e) reconsideration standard).
[3] *See* Relators' Reply Brief in Support of Motion to Vacate [Doc. 52 at 1–2].

Based on the Eleventh Circuit's recent ruling in *MacPhee v. MiMedx Group, Inc.*,[4] the Court finds a plaintiff's liberal right to amend under Rule 15(a) terminates after the action is dismissed.[5] When judgment is entered dismissing a case, and a plaintiff moves to vacate the judgment and for leave to amend, the Court analyzes the motion first under the Rule 59(e) standard.[6]

Rule 59(e) permits parties to file a motion to alter or amend a judgment of the Court within 28 days of the entry of judgment.[7] "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."[8] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[9] Ultimately, "[w]hether to grant a motion for reconsideration is within the sound discretion of the district court."[10]

---

[4] *MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1249–50 (11th Cir. 2023) (reviewing Eleventh Circuit cases and applying the Rule 59(e) standard to a plaintiff's post-judgment request for leave to amend).

[5] *Id.* at 1250 (quoting *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984)).

[6] *MacPhee*, 73 F.4th at 1250.

[7] Fed. R. Civ. P. 59(e).

[8] *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

[9] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

[10] *Hankerson v. Drew*, No. 1:13-cv-1790-WSD, 2014 WL 2808218, at *2 (N.D. Ga. June 20, 2014) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–806 (11th Cir. 1993)).

## DISCUSSION

Relators' Motion does not satisfy any of the Rule 59 criteria. Relators argue the Court committed clear factual or legal error in dismissing each of the seven counts. The Court will address the counts as it addressed them in the Order to Dismiss.

### I.    Amended Complaint Violates the FCA Filing Requirements

The Court dismissed Counts VI and VII because Relators did not file their Amended Complaint under seal. The FCA requires complaints be filed under seal to allow time for the Government to investigate the allegations and to decide whether to intervene.[11] There is no binding precedent on whether amended complaints must also be filed under seal. But the Court determined amended complaints must also be filed under seal because (1) the policy behind the sealing requirement would be frustrated if it did not require amended complaints be filed under seal, and (2) the two complaints filed by Relators in this case were not "substantially similar."[12] Instead of dismissing the entire Amended Complaint for failing to file it under seal, the Court dismissed only the two new claims—Counts VI and VII.

---

[11] *See State Farm Fire & Cas. Co. v. United States ex rel. Rigsby*, 580 U.S. 26, 34–35 (2016); *United States ex rel. Brooks v. Stevens-Henager Coll., Inc.*, 359 F. Supp. 3d 1088, 1128 (D. Utah 2019).

[12] *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949)) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

There has been no intervening change of law, and Relators' disagreement with the Court's decision does not constitute a clear error of law.[13] Relators' arguments are essentially the same arguments the Court rejected in the Order to Dismiss.[14]

## II. Amended Complaint Fails to State Claims for Use of a False Statement and Submission of a False Claim

The Court dismissed Counts I and II for being too broad and conclusory to state a claim under Rule 9(b)'s heightened pleading standard. The Court acknowledges it erred in its analysis of Count I by relying on a superseded case that required Relators to allege specific intent.[15] But this error was harmless because Relators still would have failed to state a claim for relief for the other reasons explained in the Order.[16] Relators' arguments that they meet the demanding materiality standard for Count I and have sufficient indicia of reliability for Count II are mere disagreements with the Court's findings and not clear errors of law.

---

[13] *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) (holding that an "error cannot meet the 'plain' requirement of the plain error rule unless it is 'clear under current law'" and "that where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue").

[14] Relators' Response in Opposition to Defendant Landmark Hospital's Motion to Dismiss [Doc. 37 at 5–7].

[15] *Allison Engine Co. v. United States ex rel. Escobar*, 553 U.S. 662, 671 (2008), *superseded by statute*, Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, § 4(a), 123 Stat. 1617, *as recognized in United States ex rel. Int'l Brotherhood of Elec. Workers Loc. Union No. 98 v. Farfield Co.*, 5 F.4th 315, 324 (3d Cir. 2021); S. Rep. No. 111-10, at 10–12.

[16] Fed. R. Civ. P. 61; Doc. 43 at 24–29.

### III. Amended Complaint Fails to State a Claim for Conspiracy

The Court dismissed Count III for failure to state a claim. Although, like in Count I, the Court erred in requiring a specific intent allegation, such error was harmless. Relators fail to allege that the conspiracy amounted to a violation of the substantive provisions of 31 U.S.C. § 3729. Relators allege Defendants "conspired" to do the acts outlined in the Amended Complaint, but they fail to sufficiently allege those acts violate the FCA. Because the acts Defendants allegedly conspired to do were not illegal, Relators' conspiracy claim fails.

### IV. Amended Complaint Fails to State a Claim for Worthless Services

The Court dismissed Counts IV and V for failure to state a claim. Relators first argue the Court committed a clear error of law. But Relators simply restate arguments the Court has already addressed and disagree with the Court's assessment that they failed to allege Defendants' practices had no medical value.

Relators also argue the Court made a clear error of fact. They claim the Court erroneously found the Relators failed to allege Defendants billed the Government for per diem services. Although Relators made conclusory allegations about per diem billing, the substance of their allegations does not amount to actual per diem billing.[17] Thus, there was no clear error of fact.

---

[17] Medicare and Medicaid give nursing homes "a fixed per diem sum to provide care for each resident," sometimes called bundled services. *See* James E. Utterback, *Substituting an Iron Fist for the Invisible Hand: The False Claims Act and Nursing Home Quality of Care — A Legal and Economic Perspective*, 10 Quinnipiac

V.      **Conclusion**

As explained above, because Relators failed to satisfy their burden under Rule 59(e) and are not entitled to amend their complaint post-judgment, the Court **DENIES** Relators' Motion to Vacate and for Leave to Amend [Doc. 47].

**SO ORDERED,** this 18th day of December, 2023.

s/ C. Ashley Royal<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT

---

Health L. J. 113, 121 (2007) (explaining the current Medicare and Medicaid payment system for nursing homes). Relators' conclusory allegation that Defendants billed the Government for per diem services is wrong. Defendants' $3,000 charge for room and board services is not the same as per diem billing for patient care—i.e., a daily lump sum payment for the entire care of a patient. In addition to the per diem room and board charge, Defendants billed separately for individual medications, procedures, etc., meaning the patients were not receiving bundled services as Relators allege.